UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA – FORT MYERS DIVISION

In Re:

LOUIS ALAN MAIER                                           Case No. 9:19-bk-05580-FMD
                                                           Chapter 7
         Debtor.
_____/

**RESPONSE AND LIMITED OBJECTION TO MOTION FOR RELIEF
FROM AUTOMATIC STAY FILED BY QBE INSURANCE CORP.**

COMES NOW the Chapter 7 Bankruptcy Trustee, ROBERT E. TARDIF JR., and files this Response and Limited Objection to the Motion for Relief from Automatic Stay (Doc. 10) filed by QBE Insurance Corp. and states as follows:

1. QBE filed a state-court action in New York against the Debtor, his company, East Coast Electric, LLC, and his two children.

2. Among the causes of action filed against the Debtor and other defendants are the following:

    a. a fraudulent conveyance claim against the Debtor's daughter concerning property in Cape Coral, Florida;

    b. a fraudulent conveyance claim against the Debtor's son concerning property in Rochester, New York; and

    c. a fraudulent conveyance claim concerning property referred to as the Grenell Island Property in New York[1];

3. Upon the filing of a bankruptcy case an estate is created. Among the properties that are property of the estate are fraudulent transfer claims and/or causes of action.

---

[1] The Debtor transferred the Grenell Island Property to an individual named Nicolas Jerge, who is believed to be a friend of the Debtor, but it does not appear that Mr. Jerge is a named defendant in the state-court action.

4. Individual creditors do not ordinarily have standing to bring fraudulent transfer actions on behalf of the estate. The Trustee is vested with the authority to bring such actions on behalf of the estate and, therefore, is generally the only one with standing to bring those claims. See Surf N Sun Apts., Inc., R.D.M.H, Inc. v. Dempsey, 253 B.R. 490, 492 (M.D. Fla. 1999); In re Pro Greens, Inc., 297 B.R. 850, 856 (Bankr. M.D. Fla. 2003).

5. The Trustee objects to QBE's request for relief from the automatic stay to pursue any avoidance claims.

6. In its Motion QBE also requests relief from the automatic stay to pursue other claims against the Debtor's company based upon theories of contractual indemnity and common law indemnity.

7. The Trustee does not believe that the automatic stay currently prevents QBE's pursuit of its indemnity claims against East Coast. In any event, the Trustee does not have an objection to QBE's request for relief to pursue those claims against the Debtor's company.

WHEREFORE the Trustee moves the Court to deny the motion in part regarding QBE's request to pursue avoidance claims and grant the motion in part regarding its request to pursue indemnity claims against East Coast.

*Certificate of Service*

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to the following electronically or by regular U.S. Mail on this 2nd day of July 2019: David W. Fineman, James S. Myers and Louis Alan Maier, 4315 S.W. 25th Place, Cape Coral, FL 33914; Assistant U.S. Trustee.

/s/ Robert E. Tardif Jr.\
Robert E. Tardif Jr., Trustee\
P.O. Box 2140\
Fort Myers, Florida 33902\
Telephone: 239/362-2755\
Facsimile: 239/362-2756\
Email: rtardif@comcast.net