**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:

LOUIS ALAN MAIER,   Chapter 7
                    Case No.: 9:19-bk-05580-FMD
        Debtor.

_____/

**DEBTOR'S RESPONSE TO THE TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS**

COMES NOW the Debtor, by and through undersigned counsel, and responds to the Trustee's amended objection to claim of exemptions, *[Doc. No. 35]* (the **"Objection"**). In response, the Debtor asserts that:

1.   The exemptions are properly claimed.

*Applicable Exemptions*

2.   As to the which exemptions apply, the Debtor established *domicile* in Florida in 2008 when he purchased his home. Domicile is a difference concept from where someone resides. The trustee is confusing the two. While the Debtor did reside in New York for a majority of the time during the past two years, the § 522 expressly refers to the Debtor's domicile. Domicile is not synonymous with residence, and instead requires a physical presence in the location and an intent to remain there:

> But domicile and residence are not necessarily synonymous, *Mississippi Choctaw v. Holyfield*, 109 S. Ct. 1597 (1989), for domicile is the combination of physical presence in a place (residence) and a certain state of mind, that is, the intent to remain there. The requisite intention element requires that the individual intends to remain at that place for an unlimited or indefinite period of time. Residence and intent are inextricable elements of domicile.

1

> If unaccompanied by the necessary intent, residence alone is not determinative of citizenship.

*Siegworth v. Sun City Stables*, 2010 WL 11627536 (M.D. Fla. Feb. 2, 2010).

The Debtor was present in Florida in and after 2008 and purchased the home in Cape Coral with the intent for it to be his home so that he could retire here. Thus, the elements of domicile in Florida were satisfied in 2008, well before the 730-day period before the filing of the instant bankruptcy case.

***11 U.S.C. § 522(p)(1)***

3. As to the trustee's alternative objection under § 522(p)(1), the Debtor did not acquire an interest that exceeds $160,375.00 (as adjusted from $155,675) in his homestead. Rather, the property was re-conveyed to him for only $120,000. Section 522(p)(1) makes no reference to "fair market value", instead states that "a debtor may not exempt any amount of interest *that was acquired* by the debtor during the 1215-day period."

Alternatively, the initial conveyance to the Debtor's daughter was to allow him to acquire funds to satisfy an equity line on a property that was being listed for sale. His daughter loaned him the money but, due to his daughter's requirement for security on the loan and uncertainties with an upcoming braid surgery on the Debtor, the property was conveyed to his daughter with the understanding that the property was still the Debtors' and only transferred to provide collateral on the loan. Upon determining what was necessary to secure the property the correct way (*i.e.*, a mortgage), the Debtor's daughter re-conveyed the property to the Debtor in exchange for a mortgage. Thus, the Debtor never truly lost his interest as he maintained an equitable interest in the property the entire time. Alternatively, the only interest that the Debtor parted with was the amount of the loan by his daughter, which is why she re-conveyed it to him for a mortgage in the same amount, making § 522(p)(2)(B) applicable.

*Annuity*

4. As to the annuity, the Debtor denies the trustee's assertions as to the Debtor's intent in funding the annuity.

*Tenancy by the Entirety*

5. As to the claim of tenancy by the entirety, the Debtor denies the trustee's assertion. Further, the trustee cannot challenge the application of the entireties exemption without bringing an adversary proceeding against Debtor's spouse as she has an interest in the property.

If there are creditors who file valid, timely claims for a debt that is owed by both spouses, the exemption of tenancy by the entirety would not apply to those claims and any tenancy by the entirety assets administered should be limited to pay those claims only, with any surplus being returned to the spouses. However, the Debtor asserts that there are no such joint debts.

Alternatively, if tenancy by the entirety is found not to apply, then the Debtor asserts that his interest in the property must be divided in half.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order overruling the Objection; and granting such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon **all persons receiving electronic notice via the Court's CM/ECF system in this case**; and by **U.S. first class mail** to Louis A. Maier, 4315 SW 25th Place, Cape Coral, FL 33914, on August 5, 2019.

>THE DELLUTRI LAW GROUP, P.A.
>1436 Royal Palm Square Blvd.
>Fort Myers, FL 33919
>239-210-3681 – Dir.
>www.DellutriLawGroup.com
>
>*/s/ David W. Fineman*
>David W. Fineman, Esq.
>FBN: 0040993
>Dfineman@DellutriLawGroup.com

18441.00